UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

RAYMOND D. BUSHNER,           )      CASE NO.  1:22-CV-484
                              )
          Plaintiff,          )
                              )      JUDGE BRIDGET M. BRENNAN
     v.                       )
                              )
TIM MCCONAHAY, et al.,        )
                              )      **MEMORANDUM OPINION**
          Defendants.         )      **AND ORDER**
                              )

*Pro se* plaintiff Raymond D. Bushner, an Ohio inmate currently incarcerated at Mansfield

Correctional Institution ("MANCI"), filed this *in forma pauperis* action under 42 U.S.C. § 1983

against Tim McConahay, MANCI Warden; Lisa Booth, Institutional Inspector; Kevin Shepard,

Unit Manager; Corrections Officer C. Pajot, Corrections Officer Albrite; and Annette Chambers-

Smith, Ohio Department of Rehabilitation and Correction ("ODRC") Director. (Doc. No. 1).

For the following reasons, this action is dismissed in part.

## I. Background

Plaintiff states that on January 26, 2021, Corrections Officers Pajot and Albrite, "under

the supervision of Unit Manager Shepard," escorted Plaintiff from suicide watch in segregation

to another cell in a different location. Plaintiff claims that the officers, under orders from Unit

Manager Shepard, stripped off his "suicide gown/garment" and forced Plaintiff to walk

handcuffed and fully naked to his cell, in full view of several inmates and ODRC staff members.

(Doc. No. 1 at 5-6). Plaintiff alleges this "sexual assault" was conducted in retaliation for an

incident that occurred between Plaintiff and officers in Shepard's unit the previous day. (*Id.* at 6).

Plaintiff states that as a result of the alleged sexual assault, he suffered "PTSD and

trauma," and he was placed on the mental health caseload for on-going treatment. On January 27, 2021, Plaintiff filed a Prison Rape Elimination Act ("PREA") complaint. Plaintiff states that Institutional Inspector Booth "granted" the complaint and the Chief Inspector's Office affirmed the decision. (*Id.*).

In his concluding paragraph, Plaintiff claims that Director Chambers-Smith has not changed any policies regarding "PREA or officers' conduct at [MANCI]." He also includes the words "and negligent supervision/training of ODRC corrections officers." (*Id.*).

Plaintiff requests declaratory, injunctive, and monetary relief.

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff's obligation to provide the grounds for

relief "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

Further explaining the plausibility requirement, the Supreme Court stated that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id.*

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk*, 99 F.3d at 197 (6th Cir. 1996)). The Court is not required, however, to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### III. Law and Analysis

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, Plaintiff must show that a person acting under color of state law deprived him or her of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*,

487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). Plaintiff must also allege that "the defendants were personally involved in the alleged deprivation of federal rights." *Frazier v. Michigan*, 41 F.App'x 762, 764 (6th Cir. 2002) (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)). "Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff generically alleges Defendants violated his rights "under the Constitution and laws of the United States." This Court, however, liberally construes Plaintiff's claims as a complaint that Defendants subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment and retaliation in violation of the First Amendment.

### A. Official Capacity

The Supreme Court has held that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," which is "no different from a suit against the State." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). *See also Grinter*, 532 F.3d at 572. As Defendants are employed by MANCI or the ODRC, and thus state employees, Plaintiff's official capacity claims against these defendants are construed as claims against the State of Ohio. *See Peace v. Mohr*, N.D. Ohio No. 4:12CV2283, 2013 U.S. Dist. LEXIS 190092, at *12 (Apr. 29, 2013).

The Eleventh Amendment bars suits brought in federal court against a State and its agencies unless the State has waived its sovereign immunity or consented to be sued in federal court. *See Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). The State of Ohio has not waived its sovereign immunity in federal court. *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Furthermore, it is well established that

the federal statute invoked in this case, 42 U.S.C. § 1983, does not abrogate the Eleventh

Amendment. *See Will*, 491 U.S. at 66-67; *Quern v. Jordan*, 440 U.S. 332, 340-41, 99 S. Ct.

1139, 59 L. Ed. 2d 358 (1979). Moreover, the Supreme Court has held that neither a State nor its

officials acting in their official capacities are "persons" under § 1983. *See Will*, 491 U.S. at 71.

Plaintiff therefore fails to state a claim under § 1983 against Defendants in their official

capacities.

## B. Individual Capacity

Concerning any claim against Defendants in their individual capacities, a plaintiff cannot

establish the liability of any defendant under § 1983 absent a clear showing that the defendant

was personally involved in the activities which form the basis of the alleged unconstitutional

behavior. *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). *See also*

*Heyerman v. Cnty. of Calhoun*, 680 F.3d. 642, 647 (6th Cir. 2012) (noting that "[p]ersons sued in

their individual capacities under § 1983 can be held liable based only on their own

unconstitutional behavior"); *Murphy v. Grenier*, 406 Fed.App'x. 972, 974 (6th Cir. 2011)

("Personal involvement is necessary to establish section 1983 liability"). Individual liability must

therefore "be based on the actions of that defendant in the situation that the defendant faced, and

not based on any problems caused by the errors of others, either defendants or non-defendants."

*Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991). A defendant must therefore play more

than a passive role in the alleged violation or show mere tacit approval of the actions in question.

*Rizzo*, 423 U.S. at 371.

To the extent Plaintiff is attempting to assert a supervisory liability claim, the supervisors

cannot be liable for a § 1983 claim "premised solely on a theory of respondeat superior, or the

right to control employees." *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012).

The Sixth Circuit has held that to be liable under § 1983, a supervisor must at least implicitly authorize, approve, or knowingly acquiesce in the unconstitutional conduct of the offending officers. *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). A failure to supervise, control, or train an individual is not actionable "unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999) (quoting *Hays*, 668 F.3d at 874).

Here, Plaintiff alleges that Officers Pajot and Albrite, under orders from Unit Manager Shepard, stripped him of his gown and forced him to walk through the unit fully naked, in retaliation for an incident that occurred the previous day between Plaintiff and officers in Shepard's unit. Taking the facts stated in the complaint as true, the Court finds Plaintiff has pleaded sufficient facts to plausibly state that Officer Pajot, Officer Albrite, and Unit Manager Shepard participated in the alleged unconstitutional behavior.

At best, Plaintiff's claims against Warden McConahay, Inspector Booth, and Director Chambers-Smith are based solely on their responses to his grievances-- the defendants' failure to remedy the alleged unconstitutional behavior. The failure to intervene on a prisoner's behalf does not rise to the level of a constitutional violation. *See Shehee*, 199 F.3d at 300. And Plaintiff has failed to make any factual allegations that would support even an inference that these defendants directed or participated in the alleged misconduct. His conclusory allegations that "no policies [have] been changed" and "negligent supervision/training," without any factual allegation in support that the supervisor(s) encouraged the specific misconduct or participated in it, is insufficient to establish liability under § 1983. Accordingly, to the extent Plaintiff asserts individual capacity claims against Warden McConahay, Inspector Booth, and Director Chambers-Smith, he fails to state a plausible claim upon which relief can be granted.

### IV. Conclusion

For the foregoing reasons, Plaintiff's claims against Warden McConahay, Inspector Booth, and Director Chambers-Smith are dismissed. This action shall proceed solely on Plaintiff's individual capacity claims against Officer Pajot, Officer Albrite, and Unit Manager Shepard.

**IT IS SO ORDERED.**

Date: July 18, 2022

BRIDGET M. BRENNAN
UNITED STATES DISTRICT JUDGE