**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RAYMOND D. BUSHNER, | : | |
| | : | Case No. 1:22-CV-00484 |
| Plaintiff, | : | |
| | : | Judge Brennen |
| v. | : | |
| | : | |
| TIM McCONAHAY, et al., | : | |
| | : | |
| Defendants. | : | |

---

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. 24-1)

---

Now Come Defendants Shephard, Albright, The State of Ohio[1], by and through counsel, and ask this Honorable Court to grant Summary Judgment in their favor and hereby oppose Plaintiff's Motion for Summary Judgment (Doc. 24-1) and respectfully ask this Court to the deny the same. A Memorandum in Support is attached.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

/s/ *Salvatore P. Messina*
SALVATORE MESSINA (0097510)
Assistant Attorneys General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, OH  43215
(614) 728-8357

---

[1] Defendants Pajot has not requested representation under R.C. § 109.361, however, the Ohio Attorney General may appear in any civil action in order to protect the interest of the State even though no request for appearance has been made by the officer or employee.  Such appearance does not waive personal service and any defenses available at law. The State of Ohio could be statutorily obligated to represent them or the Ohio Department of Rehabilitation and Correction. This constitutes the State's interest.

<u>**MEMORANDUM IN SUPPORT**</u>

## I.    INTRODUCTION AND FACTS

On March 28, 2022 Plaintiff Raymond D. Bushner ("Plaintiff") initiated this civil rights action under 42 U.S.C. § 1983 against multiple employees of the Ohio Department of Rehabilitation and Correction alleging eighth amendment violations. (ECF. Doc. 1). This Court dismissed all claims except for claims against Officer Davis Albight, Officer C. Pajot, and Unit Manager Kevin Shepard for retaliation in violation of the Eighth Amendment. (ECF Doc. 3 PageID 35).

On January 25, 2021, Plaintiff was found in his cell in Mansfield Correctional Institution (MaCI) attempting self-harm. (Defendant's Exhibit A-Affidavit of Kevin Shepard at ¶4). Officers were able to contain Plaintiff and he was moved to restrictive housing and placed on constant watch. (*Id.*). On January 26, 2021, it was determined that Plaintiff was able to go back to regular housing and was escorted to a regular housing cell. (*Id.* at ¶5). After a short time, it was determined that the regular housing cell Plaintiff was placed in needed maintenance and he was taken back to the restrictive housing unit for a short time. (*Id.*). After the maintenance was complete, Defendant Shepard instructed Officers Albright and Pajot to escort Plaintiff back to the regular housing cell. (*Id.* at ¶6). It was determined by Officers Albright and Pajot that Plaintiff had urinated on the gown he was wearing (Defendant's Exhibit B-Affidavit of Davis Albright at ¶8). Defendant Albright determined that Plaintiff may be combative during the escort, so he chose to do a on hand escort, keeping Plaintiff restrained. (*Id.*). During the escort Plaintiff's gown fell off but in the interest of getting Mr. Busher to the regular cell, Defendants completed the ten second walk. (*Id.* at ¶9). The next day Plaintiff spoke with Defendant Shepard and asked to recant the complaint he made regarding the incident and wrote a statement. (Exhibit B, ¶ 10; Exhibit F).

2

Plaintiff's alleges that was forced to walk naked in the prison in retaliation for the incident that occurred on January 25, 2021 between himself and Defendant Unit Manager Shepard and other officers who are not named as Defendants in this case. (ECF Doc. 1 PageID 6). He also claims his Eighth Amendment rights against cruel and unusual punishment were violated. (*Id*.).

## II.     LAW AND ARGUMENT

### A.  Standard of Review- Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed R. Civ. P. 56(a). In reviewing summary judgment motions, a court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *White v. Turfway Park Racing Ass'n.*, 909 F.2d 941, 943-44 (6th Cir. 1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)).

To create a genuine issue of material fact, the non-movant must do more than present some evidence on a disputed issue. There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [non-movant's] evidence is

merely colorable or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249-50 (1986). In most civil cases the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id*. at 252. Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, (1986). Moreover, "[t]he trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989) (*citing Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)). The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established which create a genuine issue of material fact. *Fulson v. Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992).

"The absence of additional evidence to support a party's position beyond his own self-serving testimony is insufficient to overcome a motion for summary judgment." *Britenriker v. Mock*, 2009 U.S. Dist. LEXIS 66478, fn.1 (N.D. Ohio); *see also Evans v. Techs. Application & Serv. Co.*, 80 F/3d 954, 962 (4th Cir. 1994). "The mere existence of a scintilla of evidence in support of the non-movant is not sufficient; there must be sufficient evidence upon which a jury could reasonably find for the non-movant." *Anderson*, 477 U.S. at 252. The Sixth Circuit has instructed lower courts "the non-moving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *EEOC v. Ford Motor Corp.*, 782 F.3d 753, 770 (6th Cir. 2015) (en banc). In other words, "[w]hen opposing parties tell two different stories, one which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should

not adopt the version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### B.  Plaintiff Cannot Establish a Valid Retaliation Claim Against Defendants

The Sixth Circuit has held:

> In order to demonstrate retaliation for protected conduct, a plaintiff must allege (1) that he engaged in protected conduct, (2) that an adverse action was taken against him that would "deter a person of ordinary firmness from continuing to engage in that conduct," and (3) that the adverse action was motivated by the protected conduct.

*Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (*citing Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)).  Here, Plaintiff cannot show a genuine issue of material fact exists as to any of these elements.

### 1.  Plaintiff Cannot Show he was Engaging in Protected Conduct

Protected conduct for the purposes of a retaliation claim are generally defined as actions taken pursuant to "rights with which the government cannot interfere." *Thaddeus–X v. Blatter*, 175 F.3d 378, 387 (6th Cir. 1999). Here, Plaintiff claims he was retaliated against for an incident that occurred the previous day, January 25, 2021. (ECF Doc. 1 PageID 6.) Plaintiff claims he was seeking medical treatment however, facts show this incident involved Plaintiff's attempted self-harm and corrections officers having to use force to stop him. (Exhibit A ¶4). Plaintiff cannot present any evidence that he was seeking medical attention. Rather, as evidence shows his actions in trying to self-harm himself does not constitute constitutionally protected activity. Further, to the extent Plaintiff claims the January 26, 2021 incident was in retaliation for complaints he made against the officers or Defendant Shepard, he admits he did not file a complaint until January 27, 2021. (ECF Doc. 1 PageID 6.). Therefore, Plaintiff cannot establish the incident on January 26, 2021 was in retaliation for any protected conduct and his Retaliation claim must fail.

5

### 2. Plaintiff cannot Establish that Retaliatory Action was taken Against him

The threat or other alleged retaliatory behavior must be found to be an adverse action that would deter a person of ordinary firmness from engaging in the protected conduct. *Thaddeus-X*, 175 F.3d at 394. A specific threat of harm may satisfy the adverse-action requirement. See, e.g., *Thaddeus-X*, 175 F.3d at 396, 398 (threat of physical harm); *Smith v. Yarrow*, 78 F. App'x 529, 542 (6th Cir. 2003) (threat to change drug test results). However, "prisoners are expected to endure more than the average citizen,' and so not every objectionable act directed at a prisoner constitutes adverse action sufficient to deter [him or her from engaging in protected conduct] ..." *Reynolds-Bey v. Harris*, 428 F. App'x 493, 503 (6th Cir. 2011) (quoting *Siggers-El v. Barlow*, 412 F.3d 693, 701 (6th Cir. 2005)). Certain threats or deprivations are so *de minimis* that they do not rise to the level of being constitutional violations. *Thaddeus-X*, 175 F.3d at 398; *Smith*, 78 F.App'x at 542. A plaintiff must establish the "alleged discriminatory action was punitive in nature by other than *de minimis* harm resulting from it." *Bassham v. Little*, No. 1:10-0019, 2010 U.S. Dist. LEXIS 37179, at *14 (M.D. Tenn. Apr. 14, 2010).

Here, Plaintiff claims he was sexually assaulted and his claim under the Prison Rape Elimination Act (P.R.E.A.) was granted by the institution. (ECF Doc. 1 PageID 6). However, this is incorrect, evidence shows his complaints made under P.R.E.A. were denied and the institution found no evidence that Defendants acted in any way to violate P.R.E.A. (Defendant's Exhibit C pg. 1). Further, Plaintiff himself called his allegations against officer Albright "not true" and stated a sexual assault never happened. (Defendant's Exhibit F). Because Plaintiff admits he lied about his allegations, he cannot establish that any action taken against him was adverse and would deter a person of ordinary firmness from engaging in protected conduct.

### 3. Plaintiff cannot Establish that Alleged Adverse Action was Motivated by Protected Conduct.

"[C]onclusory allegations of retaliatory motive unsupported by material facts will not be sufficient to state . . . a claim under § 1983." *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)). The "relevant showing in such cases must be more than the prisoner's personal belief that he is the victim of retaliation." *Smith v. Yarrow*, 78 F. App'x 529, 540 (6th Cir. 2003) (citing *Johnson v. Rodriguez*, 110 F.3d 299, 310 (6th Cir. 1997)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) ("Conclusory allegations of a retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial.").

Here, Plaintiff claims that Defendant Shepard ordered Officers Albright and Pajot to strip him naked and escort him to another cell. (ECF Doc. 1 Page ID 6). However, as discussed above Plaintiff himself admitted he lied about these allegations. (Exhibit F). Further, he has not presented any evidence that shows Defendant Shepard ordered him to be stripped naked. To the contrary Defendant Shepard states that at no time did he order Officers Albright and Pajot to remove Plaintiff's gown. (Exhibit A ¶8). Therefore, Plaintiff cannot establish that any alleged adverse action taken against him was motivated by retaliatory conduct.

### C. Plaintiff Cannot Establish an Eighth Amendment Claim of Cruel and Unusual Punishment

"[O]nly the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment…. To be cruel and unusual punishment conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. *Whitney v. Albers*, 475 U.S. 312, 319 (1986). In order for an Eight Amendment claim to survive it must be proven by evidence that the acts were done "maliciously and sadistically for the very purpose of causing harm." *Smith v. Winkle*, No. 2;13cv784, 2014 WL

1796063 *2 (S.D. Ohio, May 6, 2014) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992))). Defendants do not dispute that sexual abuse can serve as the basis for claim of cruel and unusual punishment under the Eighth Amendment. However, Defendants aver that no sexual abuse took place in the instant matter. Here, Plaintiff cannot show any evidence that any actions taken by Defendants included the unnecessary and wanton infliction of pain, done maliciously and sadistically, or constitute sexual abuse. Defendants Albright and Pajot were escorting Plaintiff back to a regular cell after a maintenance issue when Plaintiff's gown fell off during the escort and Defendants simply finished walking him to the cell. (Exhibit B at ¶9). Defendants did not say anything to Plaintiff during the escort and Plaintiff said nothing to them. (*Id*.). Finally, and as stated above, Plaintiff himself in a written statement, shows he made false accusations against Officer Albright for the January 26, 2021 incident. (Exhibit F).

Further, the '[U]necessary and wanton' inflictions of pain are those that are 'totally without penological justification.'" *Hope v. Pelzer,* 536 U.S. 730, 737 (2002) (Internal citations omitted). It is clear that moving Plaintiff from one cell to the other was not without penological justification. The January 26, 2021 incident was merely an escort from one cell to another due to a maintenance issue. (Exhibit A ¶¶6-8). No evidence presented by Plaintiff shows that anything on January 26, 2021 was done maliciously. Plaintiff's claims that the acts that occurred on January 26, 2021 involving himself and Defendants were done to humiliate Plaintiff are conclusory and "conclusory unsupported statements" are "insufficient to state a claim." *Grinter v. Knight*, 532 F.3d 567, 578 (6th Cir. 2008). Plaintiff's has not presented evidence to show his Eighth Amendment rights were violated and thus, cannot establish a genuine issue of material fact.

### D.  The Defendants are entitled to Qualified Immunity

Qualified immunity is available to state officials sued in their individual capacities under 42 U.S.C. § 1983.  The doctrine provides governmental officials with the ability "reasonably [to] anticipate when their conduct may give rise to liability for damages." *Anderson v. Creighton*, 483 U.S. 635, 646 (1987) (quoting *Davis v. Scherer*, 468 U.S. 183, 195 (1984)).  Thus, qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  "[I]t provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

"Under the doctrine of qualified immunity, government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Miller v. Sanilac Cnty.*, 606 F.3d 240, 247 (6th Cir. 2010) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Determining qualified immunity is a two-step process, "first, viewing the facts in the light most favorable to the plaintiff, has the plaintiff shown that a constitutional violation has occurred Second, was the right clearly established at the time of the violation." *Id.* Once raised, the plaintiff bears the burden of showing that a defendant is not entitled to qualified immunity.  *Ciminillo v. Streicher*, 434 F.3d 461, 466 (6th Cir. 2006); *McCloud v. Testa*, 97 F.3d 1536, 1542 (6th Cir. 1996).

In this case, Plaintiff's allegations, even construed in the light most favorable to him, fail to demonstrate a genuine factual dispute as to whether a constitutional violation occurred. As discussed above, the facts show that Plaintiff's gown fell off while was moved from one cell to another after a maintenance issue. Plaintiff presents no evidence that anything action taken by Defendants was done maliciously or for retaliatory purposes. Plaintiff cannot show that Defendants

took any actions that violated a clearly established constitutional right of which they should have known.  Accordingly, the Defendants are entitled to qualified immunity and a dismissal of the complaint is warranted.

### III.    Response to Plaintiff' Motion for Summary Judgment

#### A.  Plaintiff's Eighth Amendment Claim

In his Motion for Summary Judgment, Plaintiff claims that he was subject to sexual assault and imposition under the Ohio Revised Code sections 2907.06 and 2907.03. (ECF Doc 24-1 Page ID 175). As stated above, Plaintiff presents no evidence that any criminal investigations took place nor does he establish the elements of those charges. Plaintiff cites *Daskela v. District of Columbia*, 227 F.3d 433 (D.C. Circuit 2000) to compare his situation. However, Plaintiff's claims are far different that those in *Daskela*. In *Daskela*, a female inmate established an "uncontradicted" a pattern of sexual abuse including officers forcing her to dance naked on a table. *Id*. at 436. Here, Plaintiff presents no evidence that any sexual assault or abuse took place. In fact, in his own statement he shows that no sexual assault ever happened. (Defendants Exhibit F). In order for Plaintiff to show that he should be granted summary judgment for his claims he must present evidence that is significantly probative. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250. Plaintiff cites to the security video footage to state that it conclusive to his claims. (ECF Doc. 24-1 Page ID 176). There are two videos with different angles from security cameras in the institution. (Defendants' Exhibit D- Security Video Footage Angle 1 and Angle 2). As Court will see when viewing it, the security video footage on its own is inconclusive to any claims. (*Id.* at 6:40). The security videos merely show Plaintiff being escorted by Officers Albright and Pajot. (*Id.*). The escort is approximately 15 seconds in length. (*Id*). Nothing in the security video is significantly probative to Plaintiff's claims. Defendants do not dispute that Plaintiff was escorted from one cell to another with his gown falling off during the escort, rather Defendants have presented to evidence

to show nothing about the situation was malicious or sadistic. (*See generally,* Defendants' Exhibit A;). Therefore, Plaintiff cannot show that he is entitled to judgeemtn as a matter of law.

Further, Plaintiff's Motion for Summary Judgment also appears to invent a "Lumbar Lordosis" injury that occurred during the incident on January 26, 2021. (ECF Doc. 24-1 PageID 174). However, Plaintiff never made this claim in his Complaint or any other filings, nor did he amend his complaint to include this claim. (*See generally* ECF. Doc. 1). The Sixth Circuit has made it clear that a party may not raise a new claim or defense on a motion for summary judgment *See Howard v. Tennessee*, 740 Fed. Appx. 837, 842-43 (6th Cir. 2018). Instead, a party must first move to amend his complaint so that the non-moving party is not disadvantaged by an unfair surprise. *Id.* at 843.

### B. Plaintiff's Retaliation Claim

Defendants aver that for the reasons stated above, Plaintiff cannot establish any element of Relation Claim. In trying to establish the first element that he was engaging in protected conduct, Plaintiff claims he was retaliated against for seeking medical treatment. However, the facts that show Plaintiff was not seeking medical treatment but attempting self-harm, which the officers not named as Defendants in this case responded to and placed Plaintiff on constant watch. (Exhibit A ¶4).

Next, Plaintiff makes the mere conclusion, unsupported by any evidence, that Defendant Shepard ordered Defendants Albright and Pajot to sexually assault him. (ECF Doc. 24-1 PageID177). "[C]onclusory allegations of retaliatory motive unsupported by material facts will not be sufficient to state . . . a claim under § 1983." *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)).  The "relevant showing in such cases must be more than the prisoner's personal belief that he is the victim of

retaliation." *Smith v. Yarrow*, 78 F. App'x 529, 540 (6th Cir. 2003) (citing *Johnson v. Rodriguez*, 110 F.3d 299, 310 (6th Cir. 1997)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) ("Conclusory allegations of a retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial.").

### C.  Qualified Immunity

Plaintiff claims Defendants are not entitled to qualified immunity because both Defendants Shepard and Albright were accused of similar conduct in the past. However, notice based on a prior act is not an element in establishing qualified immunity. Defendant must present evidence that Defendants knew the actions they were taking, in this matter, violated an established constitutional right. As argued above, Defendants did not take any action that violated Plaintiff's constitutional rights.

## IV.    Conclusion

For all the reasons explained above, Plaintiff fails to establish a retaliation claim or an Eighth Amendment cruel and unusual punishment claim against Defendants, and they are entitled to judgment as a matter of law on this claim. Further, Plaintiff's Motion for summary judgment must be denied as he fails to establish that he is entitled to judgment as a matter of law.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

_s/ Salvatore P. Messina_
SALVATORE P. MESSINA (0097510)
Assistant Attorney General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215
P: 614-727-8357/F: 866-408-7661
Salvatore.Messina@OhioAGO.gov

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing _Defendants Motion for Summary Judgment_

_and Response to Plaintiff's Motion for Summary Judgment_ was filed on June 12, 2023 and mailed

to Plaintiff via U.S. mail, postage prepaid at the below address.

Raymond Bushner, #A630-020
Ross Correctional Institution
P.O. Box 7010
Chillicothe, Ohio 45601

_s/ Salvatore P. Messina_
SALVATORE P. MESSINA (0097510)
Assistant Attorney General